Powell, Ad., v. Macon et al.

---

POWELL, AD., VS. MACON ET AL.

REVIVOR: *Of judgment after death of debtor.*

A judgment can not be revived by *scire facias* against the heirs of a deceased judgment debtor, and his lands descended to them sold to satisfy it. It may be revived against an administrator and enforced as other debts, through the Probate Court, but not by execution. Where, however, an execution has been levied on lands in the life of the judgment debtor, a specific lien is thereby created, and the judgment may be revived by *scire facias* against the administrator and the land sold under *vend. ex.*

APPEAL from *Phillips* Circuit Court.
Hon. J. M. CYPERT Circuit Judge.

*C. B. Powell* and *John B. Jones* for appellant.

For purpose of *scire facias* see *Bour. Law Dict.*, 499. It

Powell, Ad., v. Macon et al.

is a continuation of former suit and not an original proceeding. *Wolf v. Pounsford*, 4 *Ham.*, 497; 1 *How. (Miss.)* 267; 3 *Scam.*, 544; 7 *Vt.* 52.

It is the proper remedy to revive a judgment against an ancestor so as to compel heirs to satisfy it out of lands descended. 7 *Ark.*, 442; 13 *S. & M. (Miss.) Com. Bk. v. Kendall*, 7 *Ohio*, 11; 8 *Ib.*, 210; 2 *Gilm.*, 110; *Sec's.* 3614, 3619, *Gantt's Dig.*

There was no administrator, and if there had been, he could not disturb the widow or minor heirs in their homestead rights. *Act April* 25, 1873. The only remedy was to wait until the minors were of age, and then revive the lien, &c.

*Scire facias* was the proper remedy and the demurrer should have been overruled. *Bliss Code Pl.*, 413, 416; *Sec's.* 3614, 3609, 4565, *Gantt's Dig.*; 33 *Ark.*, 497; 3 *Blackstone Com.*, 421; 10 *Ark.*, 535; 31 *Ib.*, 686.

*John C. Palmer* for appellees.

Under our system, the estates of all decedents shall be administered through Probate Court. The only object of *scire facias* is to revive the lien of the judgment, and the legal representative is a necessary party. The Circuit Court has no power to award execution against estates. 22 *Ark.*, 572; 27 *Ib.*, 252.

The judgment *must be classified* in the Probate Court, and paid in regular order. 16 *Ark.*, 174; *Gantt's Dig.*, sec's. 8, 68, 98, *et seq.* to 118 and notes.

Sec. 3614, *Gantt's Dig.*, does not warrant a *sci. fa.* which is a continuation of the old suit, but requires a new suit.

STATEMENT.

ENGLISH, C. J. This was a *scire facias* to revive a judgment, issued 10th October, 1881. The writ recited that on the 11th June, 1867, W. H. Morrison, as administrator of

Powell, Ad., v. Macon et al.

the estate of Isaac H. Morrison, deceased, recovered a judgment against R. B. Macon for $889. for debt and damages, &c.

That after the recovery of the judgment W. H. Morrison was removed from the administration, and C. B. Powell appointed administrator *de bonus non* of the estate of Isaac H. Morrison.

That on the 10th January, 1868, R. B. Macon died seized and possessed of a tract of land, which is described, and other lands, and that said judgment constituted a lien upon said lands at the time of his death.

That the heirs at law of R. B. Macon, deceased, were Robert B. and Ida T. Macon (now Ida S. Lucy) who, on his death took possession of his lands, and held the same as a homestead under the Constitution of 1868, until they become of age in 187—, and ever since his death have held said lands, and are now in possession of them by descent from him as their ancestor.

That there was not, nor had there been at any time, any administration on the estate of R. B. Macon.

After making the above recitals the writ commanded the sheriff to summon said R. B. Macon and Ida S. Lucy, heirs at law of R. B. Macon, deceased, to appear at the next term of the Phillips Circuit Court, etc.; to show cause why the judgment above recited and the lien thereof upon the lands aforesaid should not be revived, and execution issued thereon in the name of the said C. B. Powell, as administrator aforesaid, against them as heirs at law of R. B. Macon, deceased, and against the lands aforesaid, &c.

The Court sustained a demurrer to the *scire facias*, interposed by defendants, and dismissed the writ, and plaintiff appealed.

### OPINION.

Revivor of judgment after the death of the debtor.

Under our system of administration, a revivor of the judgment, on the facts recited in the *scire facias*, against appellees, as heirs at law of R. B. Macon, the judgment debtor, would be fruitless. No execution could issue against them on the revival judgment, for they were not personally liable, and no execution could be issued against lands descended to them from the judgment debtor, because the judgment, at his death, was but a general, and not a specific lien, upon his lands. *Homor as Trustee v. Hanks et al*, 22 *Ark.*, 572; *Yonley v. Lavender et al*, 27 *Ib.*, 252.

If execution had been taken out in the lifetime of the debtor, upon the judgment, and levied upon land, a specific, instead of a general, lien would have been created, and after his death, the judgment might have been revived by *scire facias*, and the land sold under a *vend. ex. Barber v. Peay, Ad.*, 31 *Ark.*, 392, and cases cited. But no such case is made by the recitals of the *scire facias* before us. Without administration upon the estate of the judgment debtor, the judgment being but a general, and not a specific, lein upon his lands, appellant undertook to revive the judgment by *scire facias* against his heirs, for the purpose of taking out execution against lands descended to them. This cannot be done under our administration statutes.

The fact that appellees may have occupied the land during their minority, as a homestead, is no excuse for the attempt to revive the judgment by *scire facias*, after the termination of the homestead right, and sell the land on execution without resort to administration through the Probate Court.

If appellant had caused letters of administration to be taken out upon the estate of R. B. Macon, before suing

out the *scire facias*, and made the administrator a defendant to the writ, he might, upon the facts recited in the writ, have been entitled to a revivor of the judgment, (*Gantt's Dig., sec's*. 3614, 3619), but he could not have enforced the revived judgment by execution against the land of the deceased judgment debtor.   At last he would have been obliged to resort to the Probate Court for classification of the judgment, and an order for the sale of the land under our administration system, as shown by the adjudications above cited.

Under the *scire facias* before us he could accomplish nothing by a revivor against appellees.

